**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

NASSER AL-TALAQANI, et al.,

    Plaintiffs,

v.                                               Case No. 15-10048

LIBERTY MUTUAL GENERAL
INSURANCE COMPANY,

    Defendant.
_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**

This court entered an opinion denying Defendant's motion for summary judgment after concluding that a question of fact existed as to whether the Defendant insurance company had been aware of the falsehood of the material misrepresentations Plaintiffs made when applying for three auto insurance policies, preventing them from rescinding the contracts for fraud after Plaintiffs submitted claims. (Dkt. #21.) Defendant filed a motion for reconsideration arguing that the court committed palpable error in misconstruing the factual record surrounding the timing of Plaintiff's meeting with its agent, and by failing to find the fact that the addition of a separate car some time later after the meeting constituted new misrepresentations of which the company was not aware. (Dkt. #22.)

Subject to the court's discretion, a motion for reconsideration shall be granted only if the movant "demonstrate[s] a palpable defect by which the court and the parties . . . have been misled" and "show[s] that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is 'a defect that is

obvious, clear, unmistakable, manifest or plain.'" *Buchanan v. Metz*, 6 F. Supp. 3d 730, 752 (E.D. Mich. 2014) (quoting *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004)).

The first contention amounts to little more than a complaint that the court viewed questions of fact against the movant, as it is required to do on motions for summary judgment. *See Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003) ("In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor.").

The second argument is a restatement of a theory advanced in the initial briefings and rejected by this court's earlier opinion. The court "will not grant motions for . . . reconsideration that merely present the same issues ruled upon by the court." E.D. Mich. L.R. 7.1(h)(3). Assuming that Defendant's agent induced Plaintiffs to apply for previous insurance policies on other cars knowing that the ownership had been misrepresented, it would not have been unreasonable for Plaintiffs to believe the same standard applied to the latter automobile, and that the insurance company was expected to infer the same. The same policy against moral hazard animating the court's decision applies to this scenario. Neither argument can support a showing of palpable error. Accordingly,

IT IS ORDERED that Defendant's Motion for Reconsideration (Dkt. #22) is DENIED.

s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: July 31, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 31, 2017, by electronic and/or ordinary mail.

<u>s/Lisa Wagner</u><br>
Case Manager and Deputy Clerk<br>
(810) 292-6522